This is the case of People v. Travis Bramlett. We have Karen Munoz for the appellant, and we have Mr. Tim Ting for the appellee. You may proceed, Ms. Munoz. My name is Karen Munoz. I'm an attorney with the Appellate Defender's Office in Springfield, and I'm here on behalf of Travis Bramlett today. Your Honor, since late October of 2009, Travis Bramlett has been attempting to appeal his guilty plea case. But this is almost a perfect storm of mistakes by various rulings of the trial court, admonitions that were given there, the various attorneys who have represented Mr. Bramlett along the way, and he has yet to have anyone assist him in perfecting his appeal. He was really left to pursue appellate remedies on his own. He did the best that he could, but the parties who were supposed to have the legal training and the knowledge really failed him in this case. The timeline is that on October 1, 2009, Travis Bramlett entered a negotiated guilty plea. He was negotiated into sentence, 12 years, home invasion, they dismissed a lot of charges. He also agreed that he be served at 85 percent. They agreed that bodily harm resulted. Now, the appeal admonitions that were given to Mr. Bramlett by the trial court were not in compliance with Supreme Court Rule 605C. And this court is very aware of what the trial judge has to tell a defendant with regards to his right to appeal in a guilty plea case, that he's got the right to the appeal, but before he takes the appeal, he must file a written motion to withdraw the plea or a motion to reconsider sentence. In this case, it would have to be a motion to withdraw the plea. That if the motion is allowed, the plea and sentence would be vacated, they set a trial date, all the dismissed charges would be reinstated, and also that if he's indigent, a copy of the transcript would be provided to him, and counsel would be appointed to assist the defendant in preparing the motions. If any appeal is not taken, if you don't raise your issues, if any appeal is taken, any issue not raised in the post-plea motion would be waived. Now, in our brief on pages four and five, we set out the admonitions that were actually given by the judge in this case. The judge told Mr. Bramlett that he had the right to file a written request within 30 days to withdraw his plea, but he never told him he had to if he wanted to take an appeal. He told him that if this request to withdraw the plea was granted, the discharges would be reinstated, and they would go to trial. But, again, he never told him about the requirement of the motion being filed, that any allegation not raised in the motion to withdraw would be waived, or that he could have the assistance of counsel in preparing the motion. Instead, what he told him was that if his motion to withdraw was denied, he had the right to file a notice of appeal, and in that notice of appeal, he was supposed to list all the issues he expected to raise, and that the waiver would come into play if those issues were not listed in the notice of appeal. Regarding the right to counsel, he never mentioned that he had the right to counsel to assist him in preparing a postplea motion. He only talked about counsel for purposes of the appeal itself. So armed with these inadequate admonitions, Travis Bramlett heads off to prison. Within 30 days, in two letters, basically, two documents that are file-stamped, October 20, 2009, he writes to the trial court. And those are pages C-130 and 131 in the record. The first is a letter to the judge, and he says, I'm currently in receiving a Henard. I'm not sure how to start an appeal. This is what I came up with based on my resources. I was told I had 30 days, and I've had no help here. I don't want to run out of time, so I hope this document will get things started. He also sends a handwritten document called formal appeal in regards to the above case. He talks about wanting to appeal the sentencing, but then he goes on to specifically allege that his plea was coerced, allegations of ineffective assistance of counsel. And at the very bottom of this handwritten document, please verify acceptance by return mail that this appeal is in motion. So we get these documents in the trial court, but instead of being treated as a post-plea motion and finding out that he wants counsel to have assistance to perfect this motion, the circuit clerk's office sends all the documents here. They treat them as a notice of appeal. They send the documents here. They appoint the office of the state appellate defender, and this court dockets the case. This is 5090575. So this is already docketed in this court. But then on November 10th of 2009, more than 30 days after the plea and sentencing, trial counsel files a post-plea motion. I did not look at the record again yesterday before argument, but I don't recall seeing a 604D certificate in that record either. But in any event, this motion is not timely. It's prepared by counsel. I had a hearing in the trial court on December 21st of 2009. During this hearing, the attorney said, wait a minute, I know that I'm supposed to file, there has to be a post-plea motion filed here. I did not file one in a timely manner. I learned that the defendant filed his pro se document, so, Your Honor, I'm asking you to consider that pro se filing as a post-plea motion. Because the defendant's alleged ineffective assistance of counsel, we need to appoint conflict counsel, and we'll go on and comply with 604D. The state objects. The trial court rules that the letter, the documents were not sufficient to constitute a post-plea motion, so they deny it. And there's another notice of appeal that's filed. This is January 12th of 2010, and that is this case. But in the meantime, more of this perfect storm, on December 28th of 2009, with regard to the first appeal that was documented, this court issues a rule to show cause on why it should be dismissed for failure to comply with 604D. Well, our OSAD 5th district office responded to the show cause order, but they actually were mistaken in their representation, and I think in their belief as to what was occurring, because they agreed that the appeal should be dismissed, because they believed the November 10th filing by trial counsel was actually on time. But that's because when counsel answered the show cause order, it was under the belief that the guilty plea had actually been entered October 16th, and that was their co-defendant's date. It was not the defendant. So counsel's response was based on a misreading of the record. This court dismissed this appeal in 5090575. And so now we're here with this particular appeal. So now our position all along is that these original filings should have been treated as a motion to withdraw a guilty plea. They were timely filed. A new attorney should have been appointed to represent Mr. Bramlin, and there would have been full compliance with 604D. These are not merely documents saying I want to appeal or a notice of appeal. He has set forth specific allegations as to why the plea should be vacated, and we have set in our original brief, we have listed several cases where they have dealt with this very similar type of issue, pro se filings, and they have found these to be rudiments of a post-plea motion. We are not asking for a, quote, magic transformation of the defendant's pro se filings as has been suggested by the State in its brief. Case law clearly supports our argument that Mr. Bramlin's pro se filings were sufficient to be considered a motion to withdraw a plea, or amend them to put the court, the trial court, on notice that he wanted to perfect his appeal and that this triggered the court's duty to make sure he had counsel to assist him. This court in People v. Gibson faced this very issue. The defendant wrote a letter stating he wanted to appeal, but he spelled out specific allegations of coercion and allegations of ineffective assistance. The State moved to dismiss on the grounds that the letter was not a proper post-plea motion. This court initially affirmed the dismissal, but then the Illinois Supreme Court did issue a supervisory order, which, when you go look for this, is actually cited as an opinion, saying no, this was sufficient to be a post-plea motion. So at this stage of the game, what we are asking is for this court to remand this cause to the trial court for the appointment of a new attorney, for compliance with 604D, and for a ruling that Mr. Bramlin did sufficiently state the rudiments of wanting to file a post-plea motion and that he should have counsel to assist him further. Are there any questions? Thank you. Thank you. You'll have the opportunity with that. Mr. Ting. May it please the court. Your Honor, my name is Timothy James Ting. I'm a counsel, and I represent the people of the state of Illinois. Your Honor, in my time before you today, I will show you why this court does not have jurisdiction to adjudicate this case. Particularly, this court should dismiss. So we're going to keep following through the cracks here. Yes, Your Honor. In this particular instance, we have to adhere to the rule of law. jurisdiction with this court. Here, the defendant failed to do it. Now, the key dates here are October 1st. That's when the defendant unequivocally entered into his plea for guilt. On October 20th, 2009, he wrote a pro se letter that nowhere within the letter ever stated that he wished to withdraw his plea of guilt. Let me just stop you there for a minute. He pleads guilty, and the trial judge gives him an admonition. And by Supreme Court rules, the trial judge is supposed to tell him, you know, if you want to appeal, you first have to file a motion within 30 days, etc., etc., etc. Then he sends something in, and he says, I want to start the appeal process. I want to start an appeal. And to start an appeal, he has to file the motion, right? That's correct. So why shouldn't it be treated as the motion? Because he does not state specifically in there that he wants to be a motion to withdraw. Nowhere in there. What it does say is he wants to start an appeal. That should be characterized as what it pertains to be. A rock is a rock. A spade is a spade. And when a letter says, I want to start an appeal, that should be called a notice of appeal. Doesn't he have to file a motion to start an appeal? He does have to file a motion to start an appeal, Your Honor. But this court characterized his letter as a notice of appeal. The appellate defender characterized this letter as a notice of appeal. Surely, if this court and the appellate defender have previously characterized the letter as a notice of appeal, then it cannot be merely presumption that this letter should be called a motion. Rather, we have to look at the motion and understand what is it pertaining to. He wanted to start an appeal, and he wrote a letter that said he wanted to start an appeal. How do you distinguish this case from Trestle? Your Honor, I would distinguish this case from Trestle. And the following one. Trestle had seemingly similar claims. But in that case, the defendant conveniently ignores that. He had an opportunity to make arguments that the Trestle defendant did not make. Because this case was on appeal. In 50906-7570, when this court case was originally on appeal to the appellate court, this court wrote a order or a motion saying rules show cause. And the defendant had an opportunity at that point to state his position as to what his letter should be and to what his letter should be characterized. At that point, the appellate defender could have said this is a motion to withdraw and it should be seen as such by this court. Rather, the appellate defender did not take that opportunity to do so, but rather stated that this letter is a notice of appeal. The defendant is now bound by his judicial confession that in actuality he characterized this letter as a notice of appeal. The defendant cannot magically exempt himself from his own statements within the record. It is in black and white. They conceded that this was a notice of appeal. And regardless of what this court looks into it now, we must be bound by what the record shows. And when the record shows this court thinking the letter was an appeal and the record shows the defendant stating that it was a notice of appeal, then it should be what it pertains to be, a notice of appeal. And because of that, this court does not have the jurisdiction. Once this court took jurisdiction of the original appeal on October 23, 2009, all of the trial court's subsequent actions were void and null. The trial court was divested from jurisdiction the moment this case came onto appeal, even though it was an incompliant notice of appeal. It was still enough to give this court the jurisdiction. And I would cite this court specifically to case law that states as much. The discovery that a defendant has failed to file a timely 604D motion in the circuit court, and I quote, does not deprive the appellate court of jurisdiction over a subsequent appeal, People v. Flowers. This rule of law is well settled. Once the appellate court has that jurisdiction, even if it is incompliant, it still has that jurisdiction and retains it. The trial court was divested from the jurisdiction to make a subsequent ruling on the public defender's then motion to withdraw the plea, essentially, on November 10. That was 40 days outside of the compliance statute. It should have been within 30, but more importantly, this court had already taken that notice of appeal. So everything happened. The public defender's motion to withdraw, the trial court's subsequent ruling that that particular motion of withdrawal should not be incorporated into the defendant's pro se letter. And the defendant's notice of appeal, which is where this case is now, all of it is null and void until this court made its ruling on February 28, 2010. Until that time, none of the things that happened in the lower proceedings in the trial court had any bearing and could not be registered in this court for jurisdiction. Time and again, we see that jurisdiction is something that must be met. It's a threshold inquiry. And regardless of the substantive merit, Justice Stewart, you pose an interesting question. Well, isn't it good to be? Maybe, perhaps, possibly, but that's not the issue here. The issue is whether or not this court has jurisdiction. The defendant must comply with the clear, right-line rules that this court has set in the Illinois Supreme Court rules. And by failing to do so, he cannot take advantage of the appellate process. He still has a methodology to go about and bring these issues before this court in a post-conviction petition. But that is for another time and another day. And this time and this day, we must look at the record and the facts of the case as they are. And when we see them, we see an appellate court without jurisdiction to adjudicate the case at all. Because of that, this court should dismiss it. I would also point this court once again to emphasize there is a waiver issue here that cannot go on anymore. The appellate defender had the chance to make the very same argument they are making now when this case was originally not killed. They did not do so. And as the well-established case law states in various cases, which I've stated in my brief, people v. Jarrett, people v. Palmer, people v. Jackson, people v. Smith, and on and on, and I quote, Issues that could have been raised in the earlier proceedings, but were not, will not ordinarily be deemed, will not. I misspoke. Now, the impact of it is on my mind. The point, let me give you a second track. Retake. Issues that could have been raised in the earlier proceedings, but were not, will ordinarily be deemed waived. The defendant waived their arguments they are making today, and this court does not have jurisdiction. As for the improper admonitions argument, Your Honors, while the trial court did not state the rules strictly, substantially he did. And the reason is one word, if. If. Both times the trial court said if the motion is denied, if the motion is granted. If is a conditional precedent. It means that the defendant must do something in order for something else to happen. So he doesn't talk about the notice of appeal until he says if the motion is denied, if the motion is granted. So granted, he did not say you must file it, but the mere mention of if indicates the precedent that the defendant has overcome, i.e. filing a motion, which he did not. So in conclusion, this court lacks jurisdiction. The defendant has waived his arguments. And as I stated before, it's called rock, a rock, a spade, a spade. And a letter that says if you notice of appeal was a notice of appeal. Lastly, Your Honors, the defendant makes some points that the state will not ignore. I mean, there is a perfect storm, so to speak, of various mistakes. But sympathy should not be the issue here. Bad weather occurs. This court's job is not to change the weather. It's not to change the day. It's not to change the climate. It's to look at the rules of law, the facts of the case, and come to a conclusion that is in accordance with those things. And thank you for this reason I stress in this court, to dismiss the case of lack of jurisdiction. Do you have any questions? Thank you, Mr. Ting. Ms. Munoz, do you have rebuttal? I've been doing this a long time, but, you know, I still believe in fundamental fairness. And Travis Bramlett deserves fundamental fairness in this situation. What's our path back to tell us what our path is? Very good question. I actually think that there's one thing I totally disagree with Mr. Ting's argument, that this court does not have jurisdiction. Because even his statement that the trial court could not have done anything further with regard to this case, the fact of the matter is I believe it's Rule 606, which states that if there is a timely filed post-judgment motion and then a notice of appeal, no matter if the notice of appeal comes first or later, but as long as there is a timely filed post-judgment motion, that trial court had the authority to dismiss what he considered a notice of appeal and consider this. Even if later, maybe somebody went to him and said, wait a minute, look at the specific allegations in this letter. I can't tell from the docket entries whether the judge saw this or just the court. That's what I was trying to figure out. Actually, I was looking at it. Yeah. Mr. Ting has attached the docket entries to his brief, and there's no indication that the judge actually saw the docket. Because that's what Trestle is based on, is that it's a ministerial. It's a ministerial. Exactly. Exactly. In addition, I think there's an alternate way, to be quite honest, that this court could deal with all of this. I think that the original appeal could be reinstated because it was a mistake. I mean, under the state's suggestion, Mr. Bramlin is going to have to serve more time while he prepares a post-conviction petition alleging ineffective assistance of counsel on the part of OSAD making a mistake in the rule to show clause order. On that definition, the fact of the matter remains that a post-conviction petition, he's only going to be able to raise constitutional errors. That's not going to be perfect for him with regard to challenging a direct appeal from his guilty plea. So I do think that this court could even reinstate that first appeal that was dismissed and get at it that way. I think it's interesting the terminology of rock is a rock and that everything has to be, you know, Mr. Bramlin didn't say this specifically. Well, somehow that applies to Mr. Bramlin, but it doesn't apply to the trial judge and its requirements under the rule as to the specific admonitions. It's a little disingenuous in my eyes with regard to that. Basically, this court's going to have to decide, is it going to make Mr. Bramlin go through either another collateral remedy to finally get this direct appeal, or are we going to try to solve the problem now while we can and order it remanded for compliance with 6048? And that's what we're urging this court to do. Thank you, Your Honor. Thank you both. Interesting case. For your briefs and arguments, we'll take the matter under advisement.